# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57346-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MEKO DEAUNTE JONES, | |
| Appellant. | |

CHE, J. — Meko Deaunte Jones appeals his *State v. Blake*[1] resentencing. In 2013, a jury convicted Jones of eight felonies, including felony harassment and two counts of second degree assault. The trial court sentenced Jones to the top of the standard sentencing range for every offense. Although his criminal history contained two prior convictions for simple unlawful possession of a controlled substance (UPCS), the convictions had washed out and were not counted as points in his offender score for the 2013 sentencing. Nevertheless, Jones requested and received a resentencing based on *Blake* in 2022.

At the resentencing hearing, Jones sought only to reduce the sentence on each of his convictions to the low end of the standard range and to run his enhancements concurrently. The trial court elected to reduce the sentence on only one count.

On appeal, Jones does not argue that the aforementioned sentence was error, but raises unrelated issues. In part, Jones argues that his felony harassment sentence exceeds the statutory

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

maximum, which the State concedes. Jones also contends that the trial court ignored this court's mandate to correct his second degree assault sentences from his previous direct appeal.[2] Jones also filed a statement of additional grounds for review (SAG).

We hold that all of the issues presented exceed the scope of the appeal from Jones' *Blake* resentencing. However, we reach the felony harassment statutory maximum issue in light of the State's concession and agree that remand is appropriate on that discreet issue. And if it is accurate that the trial court did fail to implement our mandate from Jones' previous direct appeal, then the second degree assault counts must be corrected in compliance with our mandate. We otherwise affirm.

FACTS

In 2013, a jury convicted Jones of eight felonies: Count I—second degree assault, Count II—first degree kidnapping, Count III—first degree robbery, Count IV—attempting to elude a pursuing police vehicle, Count V—first degree unlawful possession of a firearm, Count VI—second degree assault, Count VII—felony harassment, and Count VIII—tampering with a witness. Some carried domestic violence designations and some carried firearm sentencing enhancements. Jones' offender score for each count ranged from 9 to 20 points. The trial court imposed sentences at the top of the standard sentencing range for each count. Although Jones' criminal history contained two prior convictions for UPCS, the convictions had washed out and they were *not* counted in his offender score at his sentencing.

---

[2]*State v. Jones*, No. 45143-3-II, slip op. at 1 (Wash. Ct. App. Mar. 10, 2015) (unpublished) https://www.courts.wa.gov/opinions/pdf/D2%2045143-3-II%20%20Unpublished%20 Opinion.pdf.

Jones appealed. We held that "the sentencing court erred in imposing a combined term of confinement and community custody that exceeded the maximum allowed for each of [Jones'] second degree assault convictions, requiring a remand to correct the unlawful sentence." *Jones*, No. 451433, slip op. at 1. And we otherwise affirmed. *Id.*

In July 2022, Jones sought resentencing under *Blake*, arguing that it was "possible" that the original sentencing judge took a prior UPCS conviction "into account" when imposing the high-end sentence even though the UPCS convictions had washed out and were not included in his offender score. Rep. of Proc. (RP) (July 29, 2022) at 10.[3] The trial court agreed to conduct a resentencing hearing.[4]

At the resentencing hearing, Jones asked the court to reduce his sentence on each of his convictions to the low end of the standard sentencing range, citing his efforts at rehabilitation while incarcerated. Jones also asked the trial court to run his sentencing enhancements concurrently and spoke at length in support of his request, again citing his contrition and his efforts at rehabilitation. Jones confined his requests at resentencing to a reduction in his incarceration time, and at no point asked the trial court to revisit the length of his community

---

[3] In support of his request, Jones' counsel pointed the trial court to unpublished cases of the Court of Appeals in which a defendant obtained a new sentencing hearing, despite having received a sentence at the top of the sentencing range, so that the trial court could determine the impact of the vacated UPCS convictions on the defendant's sentence and impose a new sentence if warranted. However, the cases cited by Jones were cases where the prior UPCS conviction *counted as a point* in the original offender score. *See In re Pers. Restraint of Taylor*, No. 84036-3-I, slip op. at 1 (Wash. Ct. App. Oct. 31, 2022) (unpublished), *superseded* by No. 84036-3-I, slip op. at 1 (Wash. Ct. App. Jan. 23, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/840363.pdf; *State v. Griffin*, No. 54224-2-II, slip op. at 13 (Wash Ct. App. July 13, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/ D2%2054224-2-II%20Unpublished%20Opinion.pdf.

[4] The trial court also, as part of that motion, vacated the two prior UPCS convictions.

custody terms, his offender score calculation, his legal financial obligations (LFOs), or the no contact order prohibiting him from contacting his child's mother.

The trial court elected to resentence Jones on only one count, the first degree kidnapping conviction. The trial court reduced Jones' sentence from 198 months to 180 months. The trial court left the remaining terms of Jones' 2013 sentence the same.

Jones appeals his resentencing.[5]

ANALYSIS

I. NO CONTACT ORDER

Jones argues that the no contact order restricting him from contacting his child's mother must be modified to allow for contact as part of a court process as it prevents him from asserting his fundamental right to parent. The State responds that this is an unpreserved error outside the scope of this appeal. We agree that the issue is outside the scope of appeal.

CrR 7.8 is the procedural mechanism for defendants to raise collateral attacks on their convictions in the trial court. *State v. Molnar*, 198 Wn.2d 500, 508, 497 P.3d 858 (2021). *Blake* motions for resentencing are collateral attacks on convictions governed by CrR 7.8. Here, there is no written motion for resentencing under *Blake* in our record. But our record demonstrates that Jones sought resentencing on that basis and the trial court agreed to conduct resentencing.

---

[5] As an initial matter we must address the State's motion to dismiss this appeal, raised in its Brief of Respondent. The State contended that the notice of appeal in this case was filed after the 30 day period provided in RAP 5.2. Jones subsequently filed a motion to enlarge time to file the notice of appeal, asserting that complications related to COVID-19 prevented him from timely filing the notice of appeal. Motion to Enlarge Time to File Notice of Appeal, *State v. Jones*, No. 57346-6-II (Oct. 16, 2023). A commissioner of this court granted the motion, relying on RAP 18.8(b). Ruling, *State of Washington v. Meko Deaunte Jones*, No. 57346-6-II (Oct. 16, 2023). The State did not move to modify the commissioner's ruling and, as such, the State's motion to dismiss is moot.

In the context of a collateral attack, an error in the judgment and sentence does not permit a petitioner "to circumvent other carefully crafted time limits on collateral review." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 134, 267 P.3d 324 (2011).

Relief from judgment under CrR 7.8 is limited to enumerated grounds such as mistake, newly discovered evidence, or fraud. But Jones' appeal essentially seeks a second resentencing by expanding the scope of appeal beyond what was raised at the trial court. Jones relies on *State v. Dunbar* to argue that he can now challenge all the conditions of the original sentence for the first time on appeal from his resentencing. In *Dunbar*, Division Three noted *Blake* resentencing motions carry a presumption of de novo resentencing where the trial court may hear new evidence and arguments. *State v. Dunbar*, 27 Wn. App. 2d 238, 249, 532 P.3d 652 (2023) (holding that the trial court erred in not considering evidence of Dunbar's rehabilitation). But *Dunbar* does not address the scope of appellate review from a *Blake* resentencing, and Jones cites no authority overriding the constraints of CrR 7.8.

Moreover, at the 2022 resentencing, Jones requested the court to reduce his sentence on each of his convictions to the low end of the standard sentencing range and requested the court court to run his sentencing enhancements concurrently. The trial court only partially granted Jones' request to reduce his base sentence by reducing the kidnapping offense from 198 to 180 months. His discreet requests at the CrR 7.8 resentencing hearing confined the scope of his appeal.

The no contact order Jones now challenges is clearly outside the scope of issues raised at resentencing. Thus, we decline to reach this issue as it exceeds the scope of this appeal. Relatedly, Jones argues his counsel was ineffective for failing to object to the no contact order

below. Because we hold that Jones' claim of error related to the no contact order cannot be raised in this appeal, we likewise decline to reach this issue.

## II. FELONY HARASSMENT STATUTORY MAXIMUM

Jones argues, and the State concedes, that the term of his confinement for the felony harassment conviction exceeds the statutory maximum for that offense. Although this issue is beyond the scope of this appeal because it was not part of Jones' motion for relief below, we reach this issue in light of the State's concession and agree that remand for correction of this issue is appropriate.

"Whether a sentence is legally erroneous is reviewed de novo." *State v. Dyson*, 189 Wn. App. 215, 224, 360 P.3d 25 (2015). "[A] court may not impose a sentence providing for a term of confinement or community custody that exceeds the statutory maximum for the crime as provided in chapter 9A.20 RCW." RCW 9.94A.505(5). The maximum sentence for a felony harassment conviction is five years of confinement. RCW 9A.20.021(1)(c); RCW 9A.46.020(2)(b). If a firearm sentencing enhancement would extend the sentence over the statutory maximum, the sentencing court must reduce the base sentence. RCW 9.94A.533(3)(g).

Here, the sentencing court erroneously imposed a sentence of 78 months—60 months for the base offense plus 18 months for a firearm sentencing enhancement—for the felony harassment conviction, which is in excess of the statutory maximum. We remand for the sentencing court to correct the sentence on the felony harassment conviction consistent with this opinion.

### III. LFOs

Jones challenges several of his LFOs, despite not raising any issue with his LFOs to the trial court. Although these claims exceed the proper scope of this appeal, several of these LFOs have undergone statutory changes since Jones' original sentencing. Because this matter is being remanded to address Jones' felony harassment sentence, the trial court should reconsider these LFOs on remand.[6]

### IV. SAG

In his SAG, Jones argues (1) the sentencing court erroneously imposed sentences exceeding the statutory maximum for Count I and VI (second degree assault convictions), and VII (felony harassment),[7] (2) the charging information was deficient, (3) the sentencing court erred by assessing different offender scores for different counts in violation of RCW 9.94A.525, (4) the sentencing erred by finding him guilty of chemical dependency, (5) the sentencing court erred by imposing restitution and the VPA, and (6) the sentencing court abused its discretion by imposing a no contact order for life, and (7) the sentencing court abused its discretion by imposing the sentencing enhancements consecutively because the State charged Counts II-VIII based on the same criminal conduct.

Besides the trial court possibly failing to implement our mandate from an earlier appeal, each of the issues Jones raised in his SAG (1) were addressed by his counsel's briefing; (2) exceed the proper scope of this appeal either because they raise errors related to his trial (the

---

[6] Jones challenges the community custody supervision fees, the crime victim penalty assessment—which was already struck, and restitution interest.

[7] This argument as to Count I and VI was the subject of an earlier appeal.

sufficiency of the charging document), errors in his offender score (which he expressly did not challenge at the resentencing hearing), or errors in his original judgment and sentence that he did not preserve (the chemical dependency finding); or (3) are claims that have been previously rejected by this court (the same criminal conduct claim). We decline to review these claims.

The only argument that we can address is Jones' claim that the trial court failed to implement the mandate from this court in Jones' original appeal, filed on October 1, 2015, that instructed the trial court to resentence Jones on his second degree assault convictions so that his community custody terms, when combined with his terms of confinement, did not exceed the statutory maximum for the offenses. *Jones*, No. 451433, slip op. at 5. Although this issue was not raised at the 2022 resentencing hearing—and the proper method of addressing this error would have been a motion to recall the mandate pursuant to RAP 12.9(a)—the failure to follow our mandate if accurate,[8] presents a serious irregularity warranting our intervention. It is unacceptable that the trial court did not docket this matter for resentencing when it received our mandate, and it is unacceptable that neither the State nor Jones' trial counsel sought to have this matter placed on the docket for resentencing in the face of the trial court's inaction.

Let us be clear once again: the community custody terms on Jones' second degree assault convictions, when combined with his period of confinement on those counts, exceed the maximum penalty for second degree assault. *Jones*, No. 451433, slip op. at 5. Assuming these sentences have not been corrected since the 2013 judgment and sentence, they must be corrected now.

---

[8] Our record does not show that Jones' Judgment and Sentence was corrected based on our 2015 opinion.

No. 57346-6-II

CONCLUSION

We hold that all of the issues Jones raises exceed the scope of this appeal. Nevertheless, we remand for resentencing of the felony harassment conviction based on the State's concession. And if it is accurate that the trial court did fail to abide by our 2015 mandate, Jones' sentences for second degree assault must be corrected in compliance with our mandate.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Che, J.

We concur:

_____
Cruser, C.J.

_____
Price, J.